No. 75.—James Suggs, plaintiff in error, *vs.* Augustus Anderson and Wife, defendants in error.

[1.] It is no justification of an assault and battery, that the defendant is the owner of the house in which the plaintiff was at the time it was committed, when that house was occupied by another.

[2.] Nor is it any justification that plaintiff had busied herself talking about defendant and his wife.

[3.] Upon applications for a new trial, the affidavit of the witness by whom the new facts are to be proven, should be produced, or satisfactory reasons given for its non-production.

Trespass, &c. in Randolph Superior Court. Motion for new trial, and decision by Judge Taylor. September Term, 1852.

Augustus Anderson and Wife brought an action of trespass, &c. against James Suggs, for an assault and battery upon the wife of Anderson. The Jury returned a verdict for the plaintiffs, for $345. The proof was that Suggs came to Mrs. Hall's house, where Mrs. Anderson was ; commenced a quarrel with her, in the course of which he said that " she would, or had parted, him and his wife ; " to which she made no reply ; Suggs abused her very much, and finally took her, and violently forced her out of the house.

Defendant's counsel moved the Court for a new trial—

1. Because the verdict is contrary to evidence.

2. Because the Court charged the Jury, that they were bound to find in favor of the plaintiff, if they were satisfied, from the evidence, that in a passion, defendant had used violence upon the plaintiff, or had, in anger, laid his hands upon plaintiff; that the words imputed to plaintiff, or used by her, if proved, might go in mitigation of the damages. But the " Jury were bound to find for the plaintiff, unless they should be satisfied that Mrs. Anderson, the plaintiff, was a trespasser ; that Suggs might use the necessary force to remove the trespass."

3. Because the defendant was misled by Alden Hall, the

only witness in said case, in relation to what he would testify in favor of the defendant; and was thereby induced to believe that this defendant was not guilty of the charge, and did not have witnesses to prove the same. Hall told defendant he would prove defendant did not use any violence or injury on the plaintiff's wife; and that he did not drag her out by the arm, with any injury, violence or malice; and that plaintiff's wife admitted she was in fault, and had done wrong to the defendant.

4. Because said Hall said, he was so intoxicated at the time he testified, that he said he could not recollect all the facts that were necessary for the defendant's defence.

5. Because, since the trial had in said cause, he has learned of newly-discovered testimony in his favor, to wit: that Mrs. Elizabeth Hall knew of said plaintiff's wife using language and opprobrious words and abuses, against defendant at the time, sufficient to give the defendant cause to remove plaintiff's wife from the house where Mrs. Hall was; and that it was the house of the defendant, and that he did not use violence or injure, or intend to injure, plaintiff's wife, but merely to remove her from defendant's house, peaceably and without injury to her person; and that plaintiff's wife had been in the habit of conveying tales, and creating mischief and broils between defendant and his wife; and that she caused frequent interruptions between defendant and his wife; and caused, or was instrumental in the separation of defendant's wife from him; and he has also learned he can prove that plaintiff's wife said she was to divide the amount recovered of defendant, with Hall, the witness; that the newly discovered testimony, herein stated, was not found or discovered, owing to the want of due diligence by the defendant; and that it is material, and would probably produce a different verdict; that the witness is a female, living sixteen miles from the Court house, and her affidavit could not, on that account, be procured by the defendant, to the fact that she knew.

6. And because the verdict and damages found by the Jury is excessive, and contrary to evidence and law.

The Court below refused a new trial, upon all or any of these grounds, and this refusal is assigned for error.

DEVON, for plaintiff in error.

DOUGLAS, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The instructions of the Court to the Jury, presented the law of this case most favorably to the plaintiff in error. The defendant in error might complain with more propriety than he. As to the assumption in the rule for a new trial, that the verdict was against the evidence, we say, that it is utterly groundless ; nor do we think that the damages were excessive. A man who violently drags a woman out of doors, deserves to pay well for it. It is no excuse that he was the owner of the house, for it was in the occupancy of Mrs. Hall. She was the temporary proprietor. Mrs. Anderson had a right to be there, with her consent.

[2.] Another excuse for his brutality was, that plaintiff, (Mrs. Anderson,) had busied herself tattling about defendant and his wife. There is no proof of this. There is proof only, that he charged her with it. If it were proven, it would not justify the violence done to her. In addition, the plaintiff in error, without any provocation, began the difficulty with Mrs. Anderson, by bestowing upon her the most vulgar and abusive epithets. 10 *Geo. Rep.* 37.

[3.] The several grounds taken for a new trial, other than those stated, are unsustainable, because not supported by the proper affidavits. One is, that the plaintiff Mrs. Anderson's witness was, by agreement with her, to share in the verdict. Plaintiff in error does not show by whom that is to be proven ; nor does he produce the affidavit of any person, that he would prove it. Another is, that he was entrapped by the statements of the plaintiff's witness to him, that he (the witness) would prove his defence, and therefore he did not procure any testimony on the trial. This won't do without affidavits to show that

he could prove these statements. As to the newly discovered evidence of Mrs. Hall, her affidavit that she would prove the facts stated was indispensable. The party's own affidavit is not sufficient; nor is the excuse that she is a woman, and resides sixteen miles from the Court house, sufficient. He might have gotten her affidavit, by the use of a little diligence. 10 *Geo.* 511. Let the judgment be affirmed.