JAMES E. ARCHER *et al.*, plaintiffs in error *vs.* EMANUEL HEIDT, defendant in error.

1. Where the testimony is conflicting and there is enough to support the verdict, this court will not control the discretion of the circuit judge in refusing to grant a new trial.

2. A new trial will not be granted on the ground of newly discovered testimony, where the testimony thus called newly discovered is that of a witness examined on the trial to a point which he did not remember, but who, afterthe trial, having refreshed his memory, is enabled to testify positively thereon.

3. Nor will a new trial be granted on the ground of a mistake of the witness on the trial, when such witness simply fails to remember a fact, though afterward he does certainly recall it, even if such witness had been called by the party adverse to the movant, and had refreshed his memory from a memorandum which he (the witness) had made on a plat prepared for the adverse party and drawn from his possession since the trial. This case is unlike that of the *Rolling Mill vs. The State, 54 Georgia Reports,* 635, and is controlled by the case of *Jones vs. McCrea, 37th Georgia Reports, 48.*

New trial. Newly discovered evidence. Before Judge SCHLEY. Effingham Superior Court. April Term, 1874.

Reported in the opinion.

A. P: ADAMS, for plaintiffs in error.

RUFUS E. LESTER, for defendant.

JACKSON, Judge.

This was a bill filed by Heidt against Archer and Watts, to restrain them from erecting a mill and dam so as to form a pond of water upon the complainant's land. The facts alleged are, in substance, that Heidt being about to erect a dwelling house as a permanent residence, exchanged certain lands with two brothers named Elkins, by which he got control of a mill-pond, then dry; that the line was run through the pond; that the Elkins got possession of his land, and he held possession of this, so exchanged, for eleven years; that Watts had bought the mill-site from Elkins and sold to Archer, giving bond for titles, and that they were about to erect the

Archer *et al. vs.* Heidt.

dam, overflowing lands for cultivation and injuring his residence for health. The evidence was quite conflicting on the whole case; and on the main issue, which was whether the line surveyed in 1862, which gave Heidt control of the part of the pond he claimed, was the true line to which he held possession, or the line surveyed in 1866, which did not give him possession of any part of the dry mill-pond. The jury found for the complainant, and a motion was made for a new trial, and refused by the court. Defendants excepted, and assign for error that the court should have granted the new trial—first, because the verdict is against the weight of the evidence; and secondly, because new evidence had been discovered since the trial.

1. It is enough to say, on the first ground, that this court will not disturb the verdict of a jury if there be evidence to support it, when it is fortified by the judgment of the court below, unless in an extreme case. We do not think this such a case. The equities seem to be in favor of the complainant; the truth fits more completely with the reason assigned by him for the purchase or exchange of lands; his desire to get control of the mill-pond or ground covered by it. Watts admits that he told Heidt, who warned him when about to buy the mill-site, that he could not overflow the pond, that he would not erect the dam, and excused himself by saying that he was not now going to do so, but that Archer was about to do so, who only held Watts' bond for titles. It has very much the appearance of combination between them to do through Archer what Watts could not, consistently with Heidt's warning, do himself. At all events, we will not interfere with the court's ruling on this ground.

2. The second ground is predicated on the discovery of new evidence. The surveyor, who testified that he did not recollect that Heidt acquiesced in the division line of 1866 on the trial, now swears, that since the trial, he has refreshed his recollection with his memorandum upon a plat made by him for Heidt, and got from Heidt's possession since the trial; and this is the newly discovered evidence on which the new

Archer *et al.* *vs.* Heidt.

trial is asked for. The memorandum is not made by Heidt, nor is it authorized by him. It is a memorandum of the witness himself; and the naked point is this, where a witness testifies on the trial that he cannot remember a fact, but afterwards refreshes his memory and does remember that fact, ought a new trial to be granted, if that which refreshes him be in writing, made by the witness, but the paper on which it is made is drawn from the custody of the party against whom he so refreshes his memory ? We think not.

3. We do not think it can be put on the ground of *mistake.* The witness does not seek to correct a mistake, but to refresh his memory. He swore to nothing before; he simply did not remember. If he had sworn that Heidt did not acquiesce in the new line, that he opposed it, and now sought to correct the mistake, then it might possibly do; but even then it would be dangerous. The case is wholly unlike the case of the *Rolling Mill* against *The State,* 54 *Georgia Reports,* 635. There the witness had positively sworn that only a certain number of miles had been laid in iron, and by actual measurement, since the trial, had ascertained that he was wholly mistaken by five or six miles. There could be no possible misapprehension about *the mistake* in that case. This is no mistake at all, but a failure to remember so as to swear on the point. This case comes rather within the ruling of this court in the case of *Jones vs. McCrea,* 37 *Georgia Reports,* 48. There the witness had sworn that a party took possession of lands in 1852, and since had refreshed his mind that it was in 1853, and gave his affidavit to that affect, and the party himself admitted that such was the fact. On a bill filed for a new trial, the court refused it. This is a much weaker case than that. Besides the issue, the main issue here, on which title turned, was the true line. That was testified about *pro* and *con* and Heidt's acquiescence in the line of 1866, was, too, the subject of inquiry, and witnesses were examined thereon, and this witness was interrogated about that acquiescence. We decline for these reasons to disturb the judgment refusing the new trial.

Judgment affirmed.