## NEWMAN v. MALSBY & AVERY.

108  339
120  293

1. What a party to a case who was absent during the trial thereof would have sworn if present does not stand upon the footing of newly discovered evidence merely because he has, since the hearing, discovered that, in view of certain documentary evidence relied on by the opposite side and of the existence of which he had no previous knowledge, his attendance upon the trial was necessary in order that he might have an opportunity to offer himself as a witness to disprove the genuineness of the writings thus offered in evidence against him.
2. That some of these writings purport to have been witnessed by one who was not, at the time they bear date, qualified to attest the same as a notary public, presents no cause for disturbing the verdict returned by the jury.
3. The evidence, though conflicting as to several of the issues involved, fully warranted the finding in favor of the prevailing party.

Submitted June 17, — Decided July 24, 1899.

Levy and claim. Before Judge Harris. Coweta superior court. September term, 1898.

L. M. Farmer and W. A. Turner, for plaintiff in error.
Freeman & Wright, contra.

FISH, J. It appears from the record that in July, 1893, Malsby & Avery sold to J. C. Newman certain mill machinery, taking as security for the payment of the price thereof a mortgage upon a tract of land containing thirty-three acres to which he asserted title. The purchase-price of the machinery not being paid when due, Malsby & Avery instituted suit against Newman, and on September 2, 1895, a judgment against him was obtained for the principal and interest of the debt thus contracted. A fi. fa. issuing upon this judgment was subsequently levied upon the tract of land above mentioned, as well as upon a mule found in the possession of Newman. Thereupon his wife, Mary E. Newman, interposed a claim; and upon the trial of the issue thus raised the jury "returned a verdict finding the land, but not the mule, subject." The complaint here made is, that the court below erred in overruling a motion for a new trial filed in behalf of the claimant. Aside from the general grounds that the verdict was contrary to law and the evidence, this motion presents for considera-

tion a single question, viz., whether or not a new trial should have been granted because of alleged newly discovered evidence. The fact was developed at the trial, that Mrs. Newman claimed title to the land levied on, as heir of her deceased father, D. W. Dial. The plaintiffs in fi. fa. introduced the record of a deed, the original of which was shown to have been lost, purporting to have been executed by her on December 7, 1889, and recorded January 30, 1893, conveying the tract of land in controversy to one B. H. Dial. It was further shown that on December 20, 1890, B. H. Dial made a quit-claim deed, in the execution of which the several heirs of D. W. Dial also joined, conveying the premises in dispute to J. C. Newman, the defendant in execution. There was also introduced in evidence an instrument purporting to have been signed by Mrs. Newman in February, 1893, which recited that she thereby relinquished "any and all claim against 33 acres of land described in a deed made by [her] to B. H. Dial," arising by reason of "a certain fi. fa. issued from the city court of Newnan" in her favor, as against the demand of Malsby & Avery, until their claim should be settled. In an amendment to her motion for a new trial, Mrs. Newman denies having signed this instrument or either of the two deeds above referred to, and asserts that she "never saw the same till since the trial, and that the signatures shown, her to said papers are not hers and are forgeries." It is also alleged in this amendment that "P. S. Willcoxon, who witnessed the various papers . . as notary public, was not such officer at the time of making the papers of 1893, he having removed from Coweta to Floyd county in Dec., 1891, and remained away for a year or more, which fact was unknown to claimant or her attys. till after the trial." In this connection it is further recited, that "the court had announced at a former term that the case must be tried, and the claimant had to testify by deposition, on account of sickness of her son, and could not be present to contradict writings offered by plaintiffs, or deny signing same, as she knew nothing of them prior to trial." This ground of her motion is supported by affidavits signed by herself and her counsel.

1. We have no difficulty in reaching the conclusion that

there is no merit in Mrs. Newman's contention that simply be-
cause neither she nor her counsel knew, prior to the trial, that
the opposite party would rely on certain writings to which her
name was signed, but of the existence of which both she and
her counsel were ignorant, a new trial should be granted on
the ground of newly discovered evidence, in order that she may
have an opportunity to deny the genuineness of these docu-
ments.　If an inventory of the evidence now at her command
be taken, and this evidence in its entirety be compared with
that of which she had knowledge prior to the trial, it will
readily be perceived that, in reality, she has since the trial dis-
covered not a scintilla of new evidence or any new source from
which additional evidence can be obtained.　She certainly
knew as well before as after the trial whether or not she had
ever executed any instrument conveying title out of her into
another or parting with any right she could legally assert with
respect to the land levied on.　Her real cause of grievance, if
any, is that, being unavoidably absent from the trial, she
missed her opportunity of meeting the proof offered against her
by the plaintiffs in fi. fa.　What she has discovered since the
trial is that, in view of the evidence relied on by them, her
presence at the hearing was indispensable to a full and fair sub-
mission of the case to the jury upon all the evidence then at
her command.　The explanation she now offers as to her ab-
sence would have constituted a complete showing for a contin-
uance, if presented at the proper time, for there is no sugges-
tion that prior to the trial now under review she had exhausted
the privilege conferred upon parties litigant by section 5131 of
the Civil Code.　Nevertheless her counsel elected to go to trial
in her absence and take the chances of securing a verdict fa-
vorable to their client.　It would be a dangerous precedent to
hold that simply because a party be absent on the trial of his
case, and accordingly loses his opportunity of meeting with his
own testimony damaging evidence offered against him by the
opposite side of which he did not know previously, a verdict
against him which was fully warranted by competent evidence
should be set aside.　Surely, under such circumstances, we
would not be justified in ordering another investigation of the

case, when the losing party bases his alleged right to a new trial solely upon the ground that his testimony, the necessity of eliciting which was not brought to his attention until after the hearing, stands upon the footing of newly discovered evidence.

2. The fact that Willcoxon was not a duly qualified notary public "at the time of making the papers of 1893" is wholly immaterial. It is not contended that he was not a qualified officer at the time he witnessed the deed of 1889, purporting to have been signed by Mrs. Newman, the record of which was introduced in evidence upon proof that the original had been lost. Accordingly, this evidence could not have been objected to on the ground that the record of this instrument was not authorized under the law. As to the other documents alleged to have been forgeries, the originals themselves were produced and tendered in evidence. Therefore, irrespective of the question whether or not they were witnessed by a duly qualified officer, they were binding upon Mrs. Newman if she in fact signed them. See *Howard* v. *Russell*, 104 *Ga.* 230, and cases cited.

3. The evidence adduced at the trial upon the several issues in controversy was conflicting, but that offered in behalf of the plaintiffs in fi. fa. fully warranted the finding in their favor.

> *Judgment affirmed.   All the Justices concurring.*