GREER & COMPANY <em>v.</em> RANEY <em>et al.</em>

1. There being in fact no dispute on the subject, it was not error for the judge to charge that there was "no dispute of the fact that the plaintiffs were the heirs of the common grantor." *Southern Ry. Co.* v. *Chitwood*, 119 *Ga.* 28.
2. Plaintiffs having made out a perfect paper title, and the evidence for the defendant failing to show continuous possession under color for seven years before the institution of the suit, the court did not err in failing to charge on the subject of prescription.

3. The newly discovered testimony as to the time when the adverse possession began was cumulative, and of a nature which could have been discovered by the exercise of the diligence required by law.

4. Some of the witnesses to the newly discovered facts had been examined at the trial, and that thereafter they had refreshed their memory as to the date when such possession began was not an absolute ground for the grant of a new trial, but a matter in the discretion of the trial judge.

Argued January 27, — Decided June 10, 1904.

Action for damages.  Before Judge Roberts.  Wilcox superior court.  May 15, 1903.

The action was for trespass by cutting timber on a lot to which the plaintiffs claimed title as heirs at law, and by purchase from heirs at law, of Gideon T. Braddy.  In the answer the defendants, for want of information, neither admitted nor denied that the plaintiffs were the heirs or successors in title of the heirs of Braddy; they denied that he had title to the land at the time of his death, and averred that they had a right to enter upon the land, and did so in good faith, under a lease for turpentine purposes from Faitha Young.  At the trial the evidence showed a perfect paper title in Braddy, and that the plaintiffs, except Raney, were heirs at law of Braddy, and that the remaining heirs had conveyed their interests in the land to Raney.  The defendants introduced in evidence a chain of deeds to the lot in question, beginning with a deed dated in 1868, purporting to have been made by Braddy to Allen Smith.  There was evidence that this deed was a forgery.  The defendants did not in their plea claim title by prescription, but they introduced evidence as to possession under their deeds.  The suit was filed November 29, 1894. There was evidence as to deadening of timber on the lot about sixteen or seventeen years before the trial, but the evidence did not connect it with the defendants' predecessors in title.  Allen Smith's grantee, John D. Smith, whose deed from Allen Smith was dated July 21, 1885, testified that he deadened the timber on a part of the lot, probably the next fall or the next year after the deed was made, and cut some logs and boards, with the intention of building there, but left them there and sold the land before he got ready to build.  This part of John D. Smith's testimony was ruled out.  There was no evidence of possession by his grantee, Fletcher.  A house was built on the lot by one McSwain for Fletcher's grantee, Paulk, but it did not appear that the construc-

tion of the house was begun more than seven years before the filing of the suit.   The deed to Paulk was dated December 1, 1887, and he testified that the house was built after he got his deed; also that there was continuous possession of the premises after that time.   No deed in the defendants' chain was recorded prior to 1890.

The trial having resulted in a verdict for the plaintiffs, the defendants made a motion for a new trial, to the overruling of which they excepted.   The motion was on the grounds, among others, that the court erred in charging that there was no dispute that the plaintiffs were the heirs at law of Braddy; in failing to charge on the law of prescription; and that the movants were entitled to a new trial because of newly discovered evidence of certain witnesses, to the effect that the house built on the land in question by McSwain for Paulk was begun in November, 1887, one testifying that it was begun by or before the 20th, and another that it was begun as early as the 15th of that month.   Some of these witnesses had been examined at the trial, but, in the affidavits introduced at the hearing of the motion for a new trial, they stated that they could not, when they testified at the trial, remember when the improvements began, and that since the trial they had refreshed their memories and could testify positively as to the time.   There were affidavits as to diligence on the part of the defendants and their counsel, and as to their ignorance of the alleged newly discovered evidence, at the time of the trial.

*J. H. Martin*, for plaintiffs in error.
*Hal Lawson* and *Eldridge Cutts*, contra.

LAMAR, J.   1. There was no evidence in conflict with that offered by the plaintiffs to establish the fact that they were the heirs or successors in title from Braddy, and it was not error for the court so to instruct the jury.   *Southern Railway Co.* v. *Chitwood*, 119 *Ga.* 29; Civil Code, § 4334.

2. The plaintiffs made out a prima facie case, and unless it was met by some sufficient defense they were entitled to recover for the value of the timber cut.   There is no assignment that the verdict was excessive, and no ruling of the court on this branch of the subject which requires the grant of a new trial.   The defendants' answer gave no intimation of an intention to rely upon

a title by prescription, nor was there any request for a charge on this subject. The evidence as to possession before November 29, 1887, was wholly insufficient to establish continuous, uninterrupted, and adverse possession under any of the parties through whom defendants claimed. The evidence as to the building of the house showed that it was constructed after the 1st of December, 1887, and less than seven years before the filing of the suit. The court did not err, therefore, in failing to charge on the subject of prescription. Civil Code, §§ 3586, 3589.

3–5. The newly discovered evidence as to possession having begun before November 29, 1887, did not require the grant of a new trial. If the failure to plead prescription was intentional, the defendants can not raise a new issue and offer evidence thereon after the verdict. If they intended to rely on prescription, there is no sufficient explanation as to the failure to make inquiry of their predecessors in title, or others by whom such adverse possession could be established. They had to prove public and continuous possession — a possession which in its nature was not secret but notorious, and there is no showing which explains why it could not have been procured by the exercise of the diligence required by law. Civil Code, §§ 5480, 5481. Motions for new trial on the ground of newly discovered testimony are addressed to the sound discretion of the trial judge, but are not intended to serve the purpose of permitting additional evidence by new witnesses to the same fact; nor for cross-examination of those previously sworn (*Hall* v. *State*, 117 *Ga.* 263 (2) ); nor, after a witness has once testified, to allow him to refresh his memory, and then as matter of course grant a new trial thereon. *Archer* v. *Heidt*, 55 *Ga.* 200 (2). See *Newman* v. *Malsby*, 108 *Ga.* 339; *Southern Ry. Co.* v. *Pulliam*, 108 *Ga.* 808. The case differs from *Hays* v. *Westbrook*, 96 *Ga.* 219; *G. S. & F. R. Co.* v. *Zark*, 108 *Ga.* 800, and also from *Davis* v. *Bagley*, 99 *Ga.* 142.

6. In view of the state of the record, and of the fact that the verdict for the plaintiff was demanded, we do not pass upon the motion to review *Isom* v. *Knight*, 113 *Ga.* 613; *Baxley* v. *Baxley* 117 *Ga.* 60. Whether Paulk's deed, or any preceding deed in defendant's chain, had been recorded or not was immaterial. The possession prior to that period was not continuous. That subsequent thereto was for less than seven years before the suit.

*Judgment affirmed.    All the Justices concur.*