FOWLER *v.* THE STATE.

No. 16036. DECEMBER 1, 1947.

*Johnson & Johnson,* for plaintiff in error.

*Eugene Cook, Attorney-General, John E. Frankum, Solicitor-General,* and *Margaret Hartson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The issue of fact as to what occurred at the time of the shooting was a question for the jury, and there being sufficient evidence to authorize the verdict, the court did not err in overruling a motion for new trial on the general grounds.

■ The first ground of the amended motion is based upon newly discovered evidence of John Jenkins. This witness had testified as a State's witness, that a few minutes before the homicide the deceased was walking in a path toward and near the rear of the home of the accused, and that he called the deceased to him, and he and the deceased walked away in an opposite direction from the home of the accused, and after a short business conversation he left the deceased, and had gone a short distance when he heard the fatal shot. This witness now makes an affidavit, as to the conduct of the accused when he first met him coming on down the path, in part as follows: "Marlin Patterson (deceased) was coming down the path that leads in a southerly direction from High Street to the back yard of the house in which Leonard Fowler (accused) then lived, and he was stooped over and in a crouching position and seemed as if he was trying to slip up on Fowler's house, and was going in that position toward the back door of Fowler's house." That part of the 'foregoing which states "and seemed as if he was trying to slip up on Fowler's house," would not be admissible evidence in another trial, and accordingly is not proper for consideration here. *Bryant* v. *State,* 197 *Ga.* 641 (12) (30 S. E. 2d, 259). Eliminating this portion, the substance of the newly discovered evidence is that the accused, when first seen, was coming down the path that leads

to the back yard of the accused, stooped over and in a crouching position. By reference to the brief of testimony given by this witness on the trial, it appears that he testified four different times (once on direct, twice on cross, and once on redirect) as to when and where he first saw the deceased on this occasion. Certainly his demeanor, manner, and deportment at that time was a natural and proper subject for cross-examination; and the failure to elicit this evidence from the witness while he was on the stand would indicate a lack of the necessary diligence required to obtain a new trial on the ground of newly discovered evidence. Motions for new trial on grounds of newly discovered evidence are addressed to the sound discretion of the trial judge, but are not intended to serve the purpose of cross-examination. *Roberts* v. *State,* 3 *Ga.* 310 (2); *Gaulden* v. *Lawrence,* 33 *Ga.* 159 (1); *Elliott* v. *Pinkus,* 55 *Ga.* 163 (1); *Archer* v. *Heidt,* 55 *Ga.* 200; *Dalton* v. *Drake,* 75 *Ga.* 115 (5); *Etheridge* v. *Hobbs,* 77 *Ga.* 531 (3) (3 S. E. 251); *Poullain* v. *Poullain,* 79 *Ga.* 11 (7) (4 S. E. 81); *Hall* v. *State,* 117 *Ga.* 263 (2) (43 S. E. 718); *Greer & Co.* v. *Raney,* 120 *Ga.* 290 (4) (47 S. E. 939).

■ Another ground of the motion for new trial, on newly discovered evidence, is predicated upon the affidavit of the two attorneys for the accused. In substance it states that P. A. Lancaster told them subsequently to the trial that the deceased had made statements to him threatening the accused prior to the homicide, but that he was afraid to make an affidavit to that effect on account of being afraid of members of the family of the deceased. It is apparent that neither of the attorneys could testify as to this upon another trial, as their testimony would be purely hearsay. There is no affidavit of Lancaster, and the necessity for it, in order to constitute a valid and meritorious motion on this ground, is not obviated by the affidavit of the attorneys to the effect that he says he is afraid to make the affidavit. Should a new trial be granted under such circumstances, it would, in effect, be granting a motion for new trial upon newly discovered evidence without verification of the evidence by affidavit. *Giles* v. *State,* 6 *Ga.* 276 (10); *Suggs* v. *Anderson,* 12 *Ga.* 461 (3); *White* v. *Wallen,* 17 *Ga.* 106 (2); *Thompson* v. *Feagin,* 60 *Ga.* 82 (1); *Burge* v. *State,* 133 *Ga.* 431 (1) (66 S. E. 243); *Mays* v. *Wilson,* 141 *Ga.* 523 (1) (81 S. E. 440); *Lee* v. *State,* 37 *Ga. App.* 128 (139 S. E. 81).

■ Exception is taken to the following charge: "It would be no excuse for the defendant if he acted under the fears, if the evidence shows that the circumstances were sufficient at the time the fatal shot was fired to excite the fears of a reasonably courageous man, that a felony was about to be committed upon him by the deceased." Standing alone, this would be a misstatement of the doctrine of reasonable fears. Immediately preceding this portion of the charge the court said: "If you believe or if you have a reasonable doubt that the homicide was committed by the defendant, Leonard Fowler, not in revenge, but under the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon him, then you will acquit the defendant. If the facts and circumstances surrounding the defendant at the time of the shooting, if he did shoot, were such as to excite the fears of a reasonably courageous man that felonious assault was intended or might be inflicted upon him, and he shot under the influence of those fears, the verdict would be justifiable homicide, that is, not guilty." Immediately following the excerpt complained of, the court stated: "The defendant would be justifiable, however, whether in fact there was any real danger or not, if the circumstances proven were sufficient to excite the fears of a reasonable man that a serious bodily injury amounting to a felony was about to be inflicted upon him at the time the fatal shot was fired." In the excerpt complained of the court incorrectly stated, "It would be no excuse for the defendant if he acted under the fears *if the evidence.  .*" It would have been a correct statement had he said, "It would be no excuse for the defendant if he acted under the fears *unless the evidence. . .*" But when considered along with the charge just preceding and immediately following the portion complained of, the jury could not have been misled by this slip of the tongue. *Harris* v. *State,* 191 *Ga.* 243 (18) (12 S. E. 2d, 64) ; *Brown* v. *State,* 195 *Ga.* 430 (3b) (24 S. E. 2d, 312).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*