41011. BULLINGTON v. CHANDLER, by Next Friend.

DECIDED NOVEMBER 20, 1964—REHEARING DENIED
DECEMBER 8, 1964.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas
C. Shelton, William W. Cowan,* for plaintiff in error.

*Walter B. Fincher, L. Paul Cobb, Jr.,* contra.

NICHOLS, Presiding Judge. ■ Special grounds 5 and 6 of the amended motion for new trial assigned error on the admission of testimony of a physician who treated the plaintiff and gave an opinion as to the cause of her alleged injuries.

The contention is made that such testimony was not admissible because the plaintiff testified that she was not treated by such physician until July 1959, while the physician, whose testimony was objected to, testified that he examined the plaintiff in November 1958 (on the date she received the alleged injuries), that he examined her thereafter and that in his opinion her injuries were caused by the trauma which occurred when she was involved in the accident.

The basis of the defendant's argument is that when a party testifies to a fact adverse to her interest she is bound thereby as

a matter of law, and other evidence is inadmissible to prove the case. In *Ray v. Green,* 113 Ga. 920 (2) (39 SE 470), the Supreme Court held: "If a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit; but if the plaintiff introduce other witnesses whose testimony is sufficient to establish the allegations of the petition, it is error to grant a nonsuit." See also *Fulton v. Chattanooga Publishing Co.,* 100 Ga. App. 573 (4) (112 SE2d 15); and *Clark v. Bandy,* 196 Ga. 546, 561 (27 SE2d 17).

Under such decisions even where a plaintiff's testimony may be considered contradictory, the inconsistency may be cured by the testimony of other witnesses. Accordingly, the testimony of the physician as to the first time he examined the plaintiff, while contradictory of the plaintiff's testimony, was not inadmissible. See also *Fincher v. Davis,* 27 Ga. App. 494 (4) (108 SE 905), where it was held: "The opinion of an expert on any question relating to his profession, trade, or business is always admissible, when given in response to a hypothetical question based upon the testimony of witnesses other than himself, or where, as here, the expert has himself observed the facts and gives his opinion based upon his own observation. Civil Code (1910), §§ 5876, 5874; *Yates v. State,* 127 Ga. 813 (4), 817 (56 SE 1017); *Taylor v. State,* 135 Ga. 622 (6) (70 SE 237); *Crankshaw v. Schweizer Mfg. Co.,* 1 Ga. App. 363 (58 SE 222)."

■ Special ground 7 complains of the refusal of the trial court to instruct the jury in accordance with a written request. The request was as follows: "Gentlemen of the jury, I further charge you that because Dr. Talmadge's medical opinion was based upon the premise that he had examined the plaintiff within a short time after the accident, and, that premise is, under the plaintiff's own testimony, false, Dr. Talmadge's entire medical opinion as to the cause of the plaintiff's condition is to be disregarded in your deliberations." Such requested charge would have removed from the jury's consideration evidence which under the law, as shown above, was admissible and therefore proper for its consideration. The trial court did not err in refusing to give the requested instruction.

■ The sole remaining special ground of the defendant's amended motion for new trial deals with newly discovered evidence.

After the trial of the case the defendant obtained an affidavit from the doctor, whose testimony is dealt with in the preceding divisions of this opinion, in which he stated that he had been mistaken in his original testimony because he confused the plaintiff with another patient. The witness was examined by deposition and his testimony read to the jury. This examination consists of some seventeen pages in the record and includes direct, cross, re-direct, and re-cross examination. The witness testified as to his original examination of the witness being conducted in the emergency room of the Athens General Hospital on the date of the accident (and on a date eleven days thereafter). The petition showed that the plaintiff was struck by the defendant in Atlanta, Ga., and was treated at Grady Memorial Hospital where she received treatment for almost a month. The defects in the witness's testimony as compared with the plaintiff's petition could have been corrected by cross examination. In *Fowler v. State*, 203 Ga. 124, 126 (45 SE2d 439), the Supreme Court held: "By reference to the brief of testimony given by this witness on the trial, it appears that he testified four different times (once on direct, twice on cross, and once on redirect) as to when and where he first saw the deceased on this occasion. Certainly his demeanor, manner, and deportment at that time was a natural and proper subject for cross examination; and the failure to elicit this evidence from the witness while he was on the stand would indicate a lack of the necessary diligence required to obtain a new trial on the ground of newly discovered evidence. Motions for new trial on grounds of newly discovered evidence are addressed to the sound discretion of the trial judge, but are not intended to serve the purpose of cross examination. *Roberts v. State*, 3 Ga. 310 (2); *Gaulden v. Lawrence*, 33 Ga. 159 (1); *Elliott v. Pinkus*, 55 Ga. 163 (1); *Archer v. Heidt*, 55 Ga. 200; *Dalton v. Drake*, 75 Ga. 115 (5); *Etheridge v. Hobbs*, 77 Ga. 531 (3) (3 SE 251); *Poullain v. Poullain*, 79 Ga. 11 (7) (4 SE 81); *Hall v. State*, 117 Ga. 263 (2) (43 SE 718); *Greer & Co. v. Raney*, 120 Ga. 290 (4) (47 SE 939)."

While the testimony of the witness in the present case was

806

taken by deposition, the failure to cross examine such witness as to alleged conflicts in his testimony and the plaintiff's petition showed a lack of the diligence necessary to obtain a new trial upon the ground of newly discovered evidence under the decision of the Supreme Court in *Fowler v. State,* 203 Ga. 124, supra.

■ The defendant expressly abandoned the general grounds of the motion for new trial.

*Judgment affirmed. Hall and Russell, JJ., concur.*