## FREYERMUTH _v._ SOUTH BOUND RAILROAD CO.

1. The evidence introduced in behalf of the plaintiff showing that his injuries were occasioned either by his own negligence or as the result of a pure accident, there was no error in granting a nonsuit.

2. Where a plaintiff had testified fully and at length as to the manner in which he was injured on a particular occasion, there was no abuse of discretion by the court, after announcing that a nonsuit would be granted, in refusing to allow the plaintiff to be reintroduced as a witness "for the

purpose of making clear his testimony in regard to the way" in which the injury was caused, it not appearing to what additional facts, if any, the plaintiff would have testified had he been permitted to again take the stand.

Argued February 8, — Decided March 17, 1899.

Action for damages.   Before Judge Falligant.   Effingham superior court.   May term, 1898.

*H. B. Strange* and *Garrard, Meldrim & Newman,* for plaintiff. *Denmark, Adams & Freeman,* for defendant.

LUMPKIN, P. J.   1. In the present case the granting of a nonsuit is under review.   The plaintiff below, who here complains that the trial judge erred in not submitting his case to the jury upon the evidence introduced in his behalf, was an employee of the South Bound Railroad Company.   He was injured while riding upon a hand-car, the immediate cause of the injury being the falling from the car of a large crowbar which, as it descended, caught the plaintiff's foot and precipitated him upon the rails in front of the car, which ran over and crushed him.   It appears that the plaintiff was one of a number of hands whose business it was to keep the railway-track in order.   He testified that it was his duty to look after the tools of the company, including a number of crowbars, and see that they were properly placed upon the hand-car when moved from one place to another.   He·did, it is true, by making other statements in this connection, undertake to avoid the consequences to his case of what has just been recited, but it was certainly not unfair to him for the court to base its action upon what he himself asserted was true in giving his account of the manner in which he was hurt.   *Western & Atlantic R. R. Co.* v. *Evans,* 96 *Ga.* 481, 485–6.   On the occasion under consideration, it seems that he did not himself place the crowbars upon the car, but that this was done by another employee. Some of the testimony tended to show that the crowbar which fell was put upon the car in the usual manner; that it had many times been carried in this identical way without falling from the car, and that there was no reason to apprehend that it would fall on this particular occasion.   Other testimony tended to show that the crowbar was not properly placed upon

the car, but that one of its ends projected too far towards the front, so that after some jolting resulting from the movement of the car, it toppled over and fell. In either view of the matter, however, we agree with the trial judge that the plaintiff was not entitled to recover. If the crowbar was improperly placed upon the hand-car, it was the plaintiff's fault, for it was his duty to look after this very matter; if properly loaded upon the car, then it seems that the catastrophe was the result of a pure accident, a thing entirely unexpected and not to be anticipated in the usual course of events.

2. After the plaintiff had closed his case, the motion for a nonsuit had been argued and the judge had announced that a nonsuit would be granted, plaintiff's counsel moved to reintroduce him as a witness, but the court denied this motion. As to this point, the bill of exceptions recites that the court was asked to allow the plaintiff to again take the stand "for the purpose of making clear his testimony in regard to the way in which the bars were placed upon the car." We can not gather from the language quoted how it was proposed to make clear, in this manner, the plaintiff's right to recover. The bill of exceptions does not inform us what additional facts were sought to be elicited and would have been brought out if the plaintiff had been permitted to add to his testimony. If counsel's purpose was to reintroduce the plaintiff in order to make clear that the crowbars were negligently and improperly loaded upon the car, the ruling complained of did not operate to his prejudice, for the effect of such evidence would be merely to emphasize and render more conclusive an inference that the accident was due to the fault of the plaintiff in not discharging the duty he owed to the company of seeing that these tools were placed upon the car in the proper manner. Moreover, it appears that the plaintiff was fully, tediously, and at great length examined and cross-examined as to the entire transaction and every material fact and circumstance connected with it. It is therefore difficult to conceive how he could have made more lucid the details which he had already several times recounted. Certainly, there was no abuse of discretion in refusing to allow him to testify further in the case.

        *Judgment affirmed. All the Justices concurring.*