*J. L. Sweat,* for plaintiff in error.
*Leon A. Wilson* and *W. F. Crawley,* contra.

---

FARMER, administratrix, *v.* DAVENPORT *et al.*

The testimony of a party who offers himself as a witness in his own behalf should be construed most strongly against him when it is self-contradictory, vague, or equivocal; and in no event should any weight be given to statements which, considered in connection with admitted facts, amount to no more than bare conclusions of the witness, unwarranted by and inconsistent with such facts.

| 118 | 289 |
| Case 2 | |
| 123 | 237 |

Submitted June 12, — Decided July 1, 1903.

Complaint.     Before Judge Bennet.     Glynn superior court.     May 20, 1902.

*D. W. Krauss,* for plaintiff.
*Ernest Dart* and *Crovatt & Whitfield,* for defendant.

FISH, J.     Suit was instituted in a justice's court by Robert Farmer, Sr., against W. H. Davenport and Robert Farmer, Jr., upon an open account.     Both of the defendants were personally served with

a copy of the summons, and the plaintiff obtained a judgment against them in the magistrate's court. Davenport thereupon entered an appeal to the superior court. On the trial in that court the plaintiff was sworn as a witness in his own behalf, and testified substantially as follows: On direct examination he said: "This is a suit by me against W. H. Davenport and Robert Farmer, Junior, for one hundred dollars due me. Both of them owe that amount together; the money is now due, and neither of them has paid me that amount or any part of it; they owe it now." On cross-examination the witness testified: These "two gentlemen are indebted to me in the sum of $100; they owe it to me as a balance of $300 that I loaned them. I loaned them $300 to buy the Elk Saloon, and they were to pay me back in ninety days; . . my son and Willie Davenport did buy the Elk Saloon. I loaned the money to R. M. Farmer. I did not lend anything to Willie Davenport." On redirect examination of the plaintiff, his counsel asked him: "What do you mean when you say that you gave the money to Robert Farmer, Jr.? To whom did you lend the money?" The witness answered: "I give the money to Robert Farmer, my son, to buy a one-half interest in the business;" and then, in response to the question, "Who owes you the money, Robert Farmer, or both of them?" replied: "Both of them." Counsel for the defense thereupon again took the witness in hand, putting to him the questions, and receiving from him the replies, which follow: "Ques. Why do both of them owe you the money, if you gave it to Robert Farmer to buy a one-half interest in the business? Ans. Warnt they partners in the business? The Elk Saloon cost six hundred dollars to buy it. Robert Farmer was to pay half of it and Willie Davenport was to pay half of it. Robert Farmer paid for his half, I reckon. I loaned him $300 to pay for it, and didn't lend Willie Davenport anything. I loaned it to my son, Farmer. Ques. Now, if you loaned the money to your son, how came Davenport to owe you any part of it? Ans. I guess the money went into the concern, didn't it? My son said that the business was to pay it back in ninety days, with eight per cent. interest." No further testimony being offered by the plaintiff, counsel for Davenport made in his behalf a motion for a nonsuit, which motion the court granted, and passed an order dismissing the case at the cost of the plaintiff. A bill of exceptions was sued out in his name, wherein

the complaint was made that the court below erred in granting the nonsuit. Before the case was called for a hearing in this court, he died; and subsequently Mrs. Algenora Farmer, as temporary administratrix upon his estate, was made a party plaintiff in his stead. The assignment of error upon the judgment excepted to was that the "plaintiff made out a case in his favor against said defendants, W. H. Davenport and Robert Farmer, Jr.," and the case should have been submitted to the jury, notwithstanding there may " have been conflicts, or apparent conflicts," in his testimony, in order that they might be allowed to pass upon such conflicts, or apparent conflicts, and determine what the real truth of the matter was.

In their brief filed here counsel for the defendant in error insisted that this case fell within the rule laid down in *Ray* v. *Green*, 113 *Ga.* 920, to the effect that where a plaintiff offers himself as a witness in his own behalf, and his testimony is contradictory and uncertain as to the facts upon which he relies for a recovery, "the court, on motion to nonsuit, should construe" his testimony "most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit." See also *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481, wherein this rule was applied in passing upon the merits of a motion for a new trial. There is no occasion, however, for us to put our decision of the present case upon this ground; for the testimony of the plaintiff below, construed most strongly in his favor, would not have authorized a recovery by him. While he stated, in general terms, that both of the defendants owed him the amount for which he brought suit, this amounted to no more than a bare conclusion on his part, based upon the untenable position that they were "partners in the business;" that "the money went into the concern," and that his son told him "the business was to pay it back in ninety days, with eight per cent. interest." This conclusion was, as matter of law, obviously erroneous. See *Brobston* v. *Penniman*, 97 *Ga.* 527. When called upon to state the facts upon which he predicated it, the plaintiff very frankly admitted he "loaned the money to R. M. Farmer," his son, in order to enable him " to buy a one-half interest in the business," and " didn't lend Willie Davenport anything." A recovery against Davenport would, therefore, have been wholly unwarranted. In a brief filed by his counsel, the sugggestion is thrown out that if the members of this court should be of the opinion that the judgment of non-

· suit was erroneous as to the other defendant below, Robert Farmer, Jr., then the judgment of the trial court might· properly be affirmed with direction that the case be reinstated as to him. But we do not feel constrained to thus dispose of the case, since the bill of exceptions contains no assignment of error raising the question whether or not there could have been a separate recovery against Robert Farmer, Jr., and counsel for the plaintiff in error did not. make any request along the line just indicated.

*Judgment affirmed. By five Justices.*