*Osborne & Lawrence* and *E. H. Abrahams,* for plaintiff.

*Lawton & Cunningham,* for defendant.

---

SPENCER *v.* SCHUMAN.

HOLDEN, J. 1. A deed absolute on its face may be shown by parol evidence to have been intended to convey title only for the purpose of securing a debt, where the grantee has not taken possession of the property. *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854).

2. Where one brought a statutory complaint for land and relied for recovery upon title conveyed to him by the defendant by a deed claimed

by the plaintiff to be absolute, and the defendant filed a defense, and offered testimony in support thereof that the deed was given to secure a debt which had been fully paid before the action was brought, it was not error upon the trial to admit in evidence, over the plaintiff's objections, the following testimony of a witness for the defendant: "I asked Spencer [plaintiff] if he was not to make a deed back to Schuman's [defendant's] wife when the money was paid back. At first he laughed and did not answer, and then said yes." Such evidence was admissible as an admission by the plaintiff, to illustrate the issue to be tried, and was not subject to the objection made thereto that it was irrelevant and incompetent and there were no pleadings to authorize its admission.

3. The record not disclosing that any of the pleadings in the case were verified, or otherwise sworn to, it does not appear that the court committed any error in refusing to give to the jury the following requested instructions: "I charge you that you have a right to consider the statements made in sworn pleadings in the case, in weighing the evidence of the party who swore to such pleadings."                    ,

4. The evidence was sufficient to support the verdict, and the court did not abuse his discretion in refusing to grant a new trial.

<em>Judgment affirmed. All the Justices concur.</em>

Submitted January 16,—Decided April 19, 1909.

Complaint for land. Before Judge Seabrook. Liberty superior court. February 7, 1908.

*Stubbs & Chapman*, for plaintiff. · *A. S. Way*, for defendant.