2169. McLEOD v. SOUTHERN FERTILIZER & CHEMICAL COMPANY.

POWELL, J. Though the evidence strongly preponderated in favor of the plaintiff in the court below, still the verdict directed for it was not absolutely demanded, for there was testimony upon which the jury might have found that the defendant (a married woman) was informed in the plaintiff's presence that her relation to the transaction was to be that of surety only, and that the documents taken, apparently to the contrary, were but part of a collusive scheme whereby the statutes against suretyship on the part of married women might be evaded. Therefore, the court erred in directing the verdict.

*Judgment reversed.*

Complaint; from city court of Abbeville—Judge Griffin presiding. August 9, 1909.

Argued December 9, 1909.—Decided January 21, 1910.

T. C. Taylor, Haygood & Cutts, Jule Felton, for plaintiff in error. Hal Lawson, contra.

---

2183. KRAUSS v. FLOURNOY.

POWELL, J. Where one sued upon promissory notes relies, for his defense, upon a failure of the consideration, and the evidence shows that the failure of consideration has not been total, he must, in order to authorize any diminution of the plaintiff's recovery, introduce evidence showing the extent of the failure. Merely to prove that there has been a partial failure of consideration, without giving the jury any facts from which they could calculate the extent of the failure, is not sufficient. Where the defendant in such a case fails to make out his defense, it is permissible for the court to direct a verdict in favor of the plaintiff. *Judgment affirmed.*

Complaint; from city court of Brunswick—E. C. Butts, judge pro hac vice. August 2, 1909.

Submitted December 8, 1909.—Decided January 21, 1910.

Ernest Dart, for plaintiff in error. Bennet & Conyers, contra.