4046, 4047. KENT *v.* KENNETT, and *vice versa.*

POTTLE, J. This being an action to recover the agreed price of a lot of household furniture, sold under an entire contract, and it appearing, from the testimony offered by the defendant in support of his plea of failure of consideration, that no complaint was made in reference to quality until several months after delivery and until a large portion of the goods had been resold at retail, and there being no sufficient data furnished by the evidence to prove the extent to which the consideration had failed, there was no error in directing a verdict in favor of the plaintiff. In view of the fact that the goods were bought by sample (*Carolina Portland Cement Co.* v. *Turpin,* 126 *Ga.* 677, 55 S. E. 925), and of the absence of affirmative evidence that the goods delivered were not equal in quality to the sample, and of the uncertain and indefinite character of the evidence in other respects, the mere opinion of the defendant, that the goods were worth only 15 per cent. of the price contracted to be paid, did not entitle him to an abatement of the purchase-price.

As the defendant was in no event entitled to prevail, the ruling to which exception is taken by the plaintiff, allowing an amendment to the plea, becomes immaterial.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed.*

RUSSELL, J., dissenting. I think the judgment upon the main bill of exceptions should be reversed because the court erred in directing a verdict.

DECIDED MAY 22, 1912.

Complaint; from Brooks superior court—Judge Thomas. January 12, 1912.

*Grover C. Edmondson, William B. Kent, C. P. Thompson,* for Kent. *M. Baum,* contra.