### 11769.　Golding *v.* Parrish *et al.*

JENKINS, P. J.　1. " The removal of obstructions from a private way is a matter for the decision of the ordinary, and a certiorari to a decision on such a matter will not be dismissed because exceptions to the decision were not tendered at the time in writing." *Fortson* v. *Mattox,* 67 *Ga.* 282 (1).

2. " Before an applicant can have obstructions removed from a private way, he must show not only that there has been an uninterrupted use for more than seven years, but that it is not more than fifteen feet wide, that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated." *Forrester* v. *McKaig,* 144 *Ga.* 702 (87 S. E. 1060).

3. Since the respondent's petition for certiorari attacks the judgment only

on the ground that it is not supported by the evidence, and since there is some evidence to sustain each necessary ingredient of the applicant's case, the judgment refusing to sanction the certiorari will not be disturbed. *Horton* v. *State*, 123 *Ga.* 145(2) (51 S. E. 287); *Burley* v. *Atlanta*, 14 *Ga. App.* 815 (82 S. E. 357).

4. The showing made by the applicants was weakest in so far as it pertained to the proof that the private way in question was not more than fifteen feet wide. One of the applicants testified positively on direct examination that the roadway was not over fifteen feet wide. On cross-examination he stated that he would not swear to such fact positively, as he had never measured it. While it is the general rule that where a party testifies in his own behalf, his evidence should be construed most strongly against him (*Farmer* v. *Davenport*, 118 *Ga.* 289, 45 S. E. 244), still, in the proper application of this rule, such evidence should be construed in accordance with what was the manifest intent and purpose of the witness as disclosed by his testimony; and in so viewing it, the witness, even though a party, could be understood to have thus qualified his previous testimony only to the extent of disclaiming his ability to swear with mathematical exactness as to a distance which had not been measured.

Judgment affirmed. <em>Stephens and Hill, JJ., concur.</em>

DECIDED MARCH 16. 1921.

Certiorari; from Thomas superior court — Judge Thomas. June 26, 1920.

*H. J. MacIntyre*, for plaintiff in error. *L. L. Moore*, contra.