14601.   SOUTH GEORGIA GROCERY COMPANY v.
VIRGINIA BAKING COMPANY.

1. The defendant having filed a plea in which it admitted a prima facie case and pleaded a set-off, and having failed to sustain by proof the defense set out in its pleadings, the court did not err in directing a verdict and entering a judgment against it.
2. The admission in evidence of the letter of which complaint is made is not reversible error. Even had the case gone to a jury with this letter rejected, the evidence, construed in its most favorable light to the defendant, did not establish its defense.

DECIDED OCTOBER 3, 1923. REHEARING DENIED NOVEMBER 14, 1923.

Complaint; from city court of Quitman— Judge Baum. April 9, 1923.

Application for certiorari was denied by the Supreme Court.

Sam. T. Harrell, Bennet & Bennet, for plaintiff in error.

Branch & Snow, contra.

BLOODWORTH, J. Virginia Baking Company brought suit against the South Georgia Grocery Company on an open account for $501.78, for crackers shipped to the defendant. The defendant admitted the correctness of the account, and admitted that the crackers for which this account was due were satisfactory, but, by amendment to its answer, alleged that the plaintiff had previously sent to it three shipments of crackers which were wholly worthless, and for which the defendant had paid to the plaintiff $707.28. Defendant pleaded this amount as a set-off, assumed the burden, and contended that the plaintiff was indebted to it for the difference, viz. $205.50. The judge directed a verdict for the plaintiff for the full amount sued for, with interest, and entered judgment therefor. The defendant assigns error on the direction of the verdict and the entering of the judgment, and also on the admission in evidence of a certain letter from plaintiff to defendant.

The dates of the shipments in controversy were March 15, June 9, and June 11, 1920, and they were paid for by the defendant company on March 27, June 26, and June 19, 1920, respectively.

1. There are three main questions involved: (1) At the time the crackers were received by the defendant company were they of an inferior quality, due to improper manufacture by the plaintiff, or did the alleged damage result from the defendant's keeping them too long? (2) Did the defendant exercise due diligence in inspecting the crackers and ascertaining any defect therein that may have existed? (3) Did the defendant submit evidence from which the jury could determine what loss, if any, it sustained by virtue of the alleged defective crackers?

Conceding that under the evidence it was a question of fact for the jury to determine whether the alleged damage to the crackers was due to improper manufacture by plaintiff, or to being kept too long by defendant, and conceding that there was an issue of fact as to whether the defendant, under all the circumstances, exercised proper diligence in ascertaining the latent defect, if there was any, in the crackers, still the third point above mentioned is vital to the defense, and *the record fails to disclose that the defendant submitted evidence to show the value of the crackers at the time and place of delivery, or even at the time the defect was discovered. Without this the jury could not possibly ascertain whether or how much the defendant was damaged by virtue of the alleged inferior crackers, and without this the defense could not stand, regardless of the other questions raised in the bill of exceptions.* The defendant in its amended answer alleged that the crackers were worthless, but it showed by its own testimony that they were not worthless, but were sold for four cents a pound more than a year after they were received by the defendant; and, according to the testimony of both parties, crackers deteriorate with age, and a part of the testimony showed that they would deteriorate in three months. *Hence, the value of the crackers more than a year after shipment would be no test of their value at the time and place of delivery.* "Where there has been a breach, the measure of damages is ordinarily the difference between the value of the goods ordered and those delivered at the time and place of delivery. . . The rights and liabilities of each are fixed on that day, and subsequent changes in the value of the goods ordered or delivered are wholly imma-

terial." *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 491 (46 S. E. 657). See also page 489 (5). In the case of *Krauss* v. *Flournoy,* 7 *Ga. App.* 322 (66 S. E. 805), this court held that "Merely to prove that there has been a partial failure of consideration, without giving the jury any facts from which they could calculate the extent of the failure, is not sufficient. *Where the defendant in such a case fails to make out his defense, it is permissible for the court to direct a verdict in favor of the plaintiff."* (Italics ours.) And in *Oxford Knitting Mills* v. *Wooldridge,* 6 *Ga. App.* 301 (1) (64 S. E. 1068), this court held that "When there is a sale of goods with a warranty of quality, and a delivery and acceptance by the buyer, if the goods prove not to correspond with the warranty, the measure of damages is the difference between the contract price and the actual value of the goods when and where delivered." See also *Ceylona Co.* v. *Selden Co.,* 23 *Ga. App.* 275 (1) (97 S. E. 882); *Cook* v. *Robinson,* 19 *Ga. App.* 207 (91 S. E. 427).

*The burden was on the defendant to submit sufficient evidence to support its affirmative defense;* and while we base our opinion on its failure to submit evidence from which the jury could determine the value of the crackers at the time and place of delivery, and consequently the damage, if any, sustained, still the evidence for the defense as a whole was indefinite, and in some instances contradictory. For example, the manager of the defendant company testified that he first discovered the defect in these crackers about the first of June, and his own evidence shows that two of the three shipments were not received until June 9 and June 11. Also, in the numerous letters to plaintiff the defendant stated that it had on hand a *few* boxes of damaged crackers, but after they were sold submitted a claim for 114 boxes. Also, though the crackers were shipped to defendant in March and June, 1920, the plaintiff never received any statement, or even intimation, from defendant showing *how many were damaged* (other than "a few boxes") until July 6, 1921. Also, in correspondence introduced by plaintiff, dating from September 18, 1920, to July 27, 1921, the general attitude of the defendant apparently was that it had some damaged crackers on hand and felt that the plaintiff should relieve it of them because the defendant was a "good customer," and even stated, "in the event you do not see your way clear to assist us, then we are going to dispose of this lot of loose crackers at whatever amount

we can get for them, and will charge up such loss as we may have in the matter to experience." *In all of this correspondence the defendant never once stated that the damage was due to any fault of the plaintiff,* even though plaintiff wrote them that it always shipped goods fresh and in good shape, and, when such was not the case, cheerfully gave proper credit. In fact none of the evidence of the *defendant company* shows that prior to the filing of the answer by the defendant at the April term, 1922, was plaintiff ever apprised by the defendant that it claimed that the *damage was due to improper manufacture of the crackers,* or that the plaintiff had in any way breached its warranty. The only evidence as to a complaint prior to the filing of the answer was by plaintiff's own witness, who testified that "he [defendant company's manager] contended that the crackers were of inferior quality;" and immediately after this the witness said, "I do not remember that he made any complaint that it was in the manufacture of the crackers." Other than this the record shows that prior to the filing of the answer the defendant's contention was that the crackers were damaged, but it made no claim that the damage was due to any fault of the plaintiff.

The defendant having filed a plea in which it admitted a prima facie case and pleaded a set-off, and having failed to sustain by proof the defense set out in its pleadings, the court did not err in directing a verdict and entering a judgment against it. *Tarver* v. *Park,* 20 *Ga. App.* 87 (92 S. E. 552), and cases cited.

2. The admission in evidence of the letter of which complaint is made is not reversible error. Even had the case gone to a jury with this letter rejected, the evidence, construed in its most favorable light to the defendant, did not establish its defense. *Kent* v. *Kennett,* 11 *Ga. App.* 176 (74 S. E. 1002).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*