### 17373. AVERA v. MARSHALL.

BLOODWORTH, J. 1. A ground of the motion for a new trial alleges that "the court erred in the following point and particular: The court asked Mr. Avera if he agreed to let the mules go. The witness answered, Yes, sir, they took the mules. I could not help myself at the time." Holding that the statement of the witness, "I could not help myself at the time," was a conclusion, it was ruled out. This was not error. Moreover, this ground is not complete and understandable within itself. It would be necessary to refer to other parts of the record to ascertain what "mules" were referred to, and who it was that was referred to when the witness said: "*They* took the mules." (Italics ours.)

2. The first headnote in *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294), is as follows: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481; *Freyermuth* v. *R. Co.*, 107 *Ga.* 32; *Ray* v. *Green*, 113 *Ga.* 920; *Farmer* v. *Davenport*, 118 *Ga.* 289. And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' *Southern Bank* v. *Goette*, 108 *Ga.* 796." Under the principle announced in the foregoing quotation and the facts of this case, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 13, 1926.

Complaint; from Crawford superior court—Judge Malcolm D. Jones. April 16, 1926.

Application for certiorari was made to the Supreme Court.

*J. D. Hughes,* for plaintiff in error.

*K. P. Lowe, Homer Beeland,* contra.

---

Appeal and Error, 3 C. J. p. 967, n. 40 New.
Evidence, 22 C. J. p. 485, n. 82; 23 C. J. p. 50, n. 64.
Trial, 38 Cyc. p. 1571, n. 16.