## DAVIS *v.* AKRIDGE.

JENKINS, Presiding Justice. 1. It is a well-recognized principle of law, which is not controverted in this case, that a deed absolute in form may be shown to have been made to secure a debt, provided possession of the property involved remains in the maker. *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Askew* v. *Thompson,* 129 *Ga.* 329 (2) (58 S. E. 854); *Spencer* v. *Schuman,* 132 *Ga.* 515 (64 S. E. 466); *Bashinski* v. *Swint,* 133 *Ga.* 38 (2) (65 S. E. 152); *Simpson* v. *Ray,* 180 *Ga.* 395 (2) (178 S. E. 726); Powell on Actions for Land, § 388. This is true for the reason that under the Code, § 85-408, "Possession of land is notice of whatever right or title the occupant has." But the Code,

§ 67-104, provides: "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried." It is also the rule that, in order for possession to be effective to impute such notice of title, it must be exclusive. *Manning* v. *Manning*, 135 *Ga.* 597 (3) (69 S. E. 1126); *McDonald* v. *Dabney*, 161 *Ga.* 711 (8 b), 714 (132 S. E. 547); *Bell* v. *Bell*, 178 *Ga.* 225 (3), 226 (172 S. E. 566).

2. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481 [23 S. E. 494]; *Freyermuth* v. *R. Co.*, 107 *Ga.* 32 [32 S. E. 668]; *Ray* v. *Green*, 113 *Ga.* 920 [39 S. E. 470]; *Farmer* v. *Davenport*, 118 *Ga.* 289 [45 S. E. 244]. And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank* v. *Goette*, 108 *Ga.* 796 [33 S. E. 974]." *Southern Railway Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294).

3. This was a suit for an accounting, in which the plaintiff also prayed that a deed absolute in form be adjudged a security deed only, given, it was alleged, to secure a loan from the defendant to the plaintiff of approximately $300, which the plaintiff had used to purchase a stock of merchandise in a store located on the premises involved; and, as a requisite to maintain such an action involving a deed absolute in form, the plaintiff alleged that he had remained in possession of the premises. Applying the principles of law set forth in the two foregoing divisions of the syllabus to the evidence in the present case, the plaintiff failed to establish that he did not know and understand that he was signing a deed absolute in form at the time it was executed, but on the contrary the plaintiff himself swore that the lawyer who prepared the deed told the parties thereto at the time it was signed that he made it a "straight deed." Likewise, the plaintiff failed to establish that he had remained in possession after the execution and delivery of the deed which was absolute in form. While much of the plaintiff's testimony is vague and equivocal, it seems clear and undisputed from portions of his own testimony, that after the signing and delivery of the absolute deed the defendant grantee went into and had remained in continuous possession for a period of about four years, and had received the rents and profits from the premises involved; that during this period he had made substantial improvements on the premises, built a two-room tenant house, put in a bathroom and septic tank connected with the place of residence, dug a well, and built a slaughter house. Nor does the plaintiff's evidence sustain the allegations of his petition, that the real and sole consideration of the deed was the approximate sum of $300, admitted to have been advanced by the defendant in the purchase by the plaintiff of the stock of merchandise in the store located on the premises involved; but, according to the plaintiff's own testimony, in addition to such sum of approximately $300, the deed was made to the son-in-law partly in consideration of the assumption by the latter of a $500 mortgage on the premises in favor of the Federal Land Bank, and

provision to the grantor of a room and board in the residence located on said premises. From the plaintiff's evidence, these stipulations appear to have been carried out by the defendant. No complaint is made by the plaintiff as to care and board furnished him during all this period of time by the defendant son-in-law and his wife, the plaintiff's daughter; and it appears from the plaintiff's evidence that he accompanied the defendant to the office of the Federal Land Bank, where the defendant assumed the $500 mortgage on the property, which according to the plaintiff's own estimate was worth not over $2500. The only testimony of the plaintiff which might seem in any way or to any extent contradictory to this theory of the case is his evidence (itself contradictory), as follows: "And he occupied the store building and he has never paid me any rent for that. As to the rent for the building, they gave me $8 a month and that was paid under this contract." It would seem apparent however, that these $8 per month payments referred to an agreement as to the stock of goods, as follows: "3-11-40 —To whom the Holder We the undersigned agree to inside of 1940 to pay at cost for stock in the J. M. Davis store or in our failure to keep same to pay J. M. Davis $8 a month, and if turned back to the said J. M. Davis stock to be kept up as this date. Account to date. (Signed) Mar. 11, 1940. C. W. Akridge, W. C. Davis." However this may be, under any view the evidence of the plaintiff as to the possession of and income from the premises involved clearly indicates that the defendant was in possession and received the remainder of the entire income, furnished to the plaintiff, as agreed, a room in the house possessed by him; and that under no conceivable view could it be said that the plaintiff remained in exclusive possession of any part of the premises conveyed by absolute deed.

4. The plaintiff having failed to prove his case as laid, but on the contrary having affirmatively shown by his own testimony that he was not entitled to recover, the court did not err in so holding. See *Clark* v. *Bandy*, 196 *Ga.* 546, 559 (27 S. E. 2d, 17); *Watkins* v. *Watkins*, 187 *Ga.* 731 (2 S. E. 2d, 63).

5. In view of the foregoing rulings, it becomes unnecessary to determine whether under all the facts and circumstances the plaintiff was guilty of laches so as to preclude his recourse to the action sought to be maintained; nor, for the same reason, need it be determined whether or not the action was ineffective in that, as contended, the plaintiff failed to restore or to offer to restore the status prior to the assumption and performance by the plaintiff and the defendant of their mutual obligations under the agreement testified to by plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 15315. NOVEMBER 13, 1945.

*James Maddox* and *Matthews, Owens & Maddox*, for plaintiff. *Graham Wright*, for defendant.