33405. RAY *v.* MARETT.

Decided June 8, 1951.

*James H. Dodgen,* for plaintiff in error.
*Clarke & Anderson,* contra.

MacIntyre, P. J. The burden of proof was upon the defendant to establish her affirmative defense of want, or failure, of consideration. She admitted her execution and delivery of the note to the plaintiff and admitted that the note had been duly presented for payment and that payment had been refused. Under such admissions, a prima facie case was made out for the plaintiff and it was encumbent upon the defendant to introduce evidence in support of her plea of want, or failure, of consideration to rebut such prima facie case. Code, § 14-301; *Purcell v. Armour Packing Co.,* 4 *Ga. App.* 253 (61 S. E. 138); *Willis v. Seiberling Rubber Co.,* 44 *Ga. App.* 468 (161 S. E. 789); *Hawkins v. Collier,* 101 *Ga.* 145, 148 (28 S. E. 632).

Under the allegations of the plaintiff's petition the note was given by the defendant to the plaintiff as part payment of the plaintiff's sales commission in effecting the sale and purchase of the farm property in question. The defendant contended that the note was given on the purchase-price of certain oats growing on the property which she had purchased.

" 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal. *W. & A. R. Co. v. Evans,* 96 *Ga.* 481 (23 S. E. 494); *Freyermuth v. R. Co.,* 107 *Ga.* 32 (32 S. E. 668); *Ray v. Green,* 113 *Ga.* 920 (39 S. E. 470); *Farmer v. Davenport,* 118 *Ga.* 289 (45 S. E. 244). And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank v. Goette,* 108 *Ga.* 796 (33 S. E. 974).' *Southern Railway Co. v. Hobbs,* 121 *Ga.* 428 (49 S. E. 294)." *Davis v. Akridge,* 199 *Ga.* 867 (2) (36 S. E. 2d, 102).

Where the defendant, in an action upon a promissory note, admits a prima facie case in favor of the plaintiff and then fails to sustain his plea, it is not error for the court to direct a verdict against him. *Krauss v. Flournoy,* 7 *Ga. App.* 322 (66 S. E. 805); *Fitzgerald v. Reid,* 7 *Ga. App.* 323 (66 S. E. 813); *Tarver v. Park,* 20 *Ga. App.* 87 (92 S. E. 552); *South Georgia Grocery Co. v. Virginia Baking Co.,* 31 *Ga. App.* 16 (119 S. E. 918).

Applying the foregoing rules of law to the evidence in this case the defendant failed to sustain her plea of want of con-

sideration. The defendant's testimony was the only evidence introduced in the case, and this, on the question of whether the note was for the oats or for the plaintiff's commission, was contradictory, vague, and equivocal. It follows that the court did not err in directing a verdict for the plaintiff, nor err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*