## 35706. BARNES v. THORNTON.

NICHOLS, J. The evidence introduced on the trial of the case did not support the defendant's plea of no consideration, and therefore, the trial court did not err in directing a verdict for the plaintiff. *Dietz* v. *Bank of Ringgold*, 52 *Ga. App.* 304 (183 S. E. 104); *Hall* v. *Beavers*, 78 *Ga. App.* 722 (2) (51 S. E. 2d 879); *Ray* v. *Marett*, 84 *Ga. App.* 86 (65 S. E. 2d 646).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED JUNE 13, 1955.

*H. L. Williams,* for plaintiff in error.
*Homer L. Causey,* contra.

Joseph Thornton obtained a judgment in a justice's court against J. W. Barnes on a note which reads as follows: "Baxley R4, Ga. Jan. 15, 1954. I, J. W. Barnes, agree to pay Joseph Thornton, fifty dollars ($50) just as soon as I get the money from my land sale. I will pay within 30 days from date. J. W. Barnes. Witness: W. L. Woodard." An appeal was duly entered to the Superior Court of Appling County. Barnes filed his answer denying that he owed the plaintiff any amount whatever and alleging that the contract sued on was without consideration.

On the trial the plaintiff testified that the note was due and unpaid, and that the defendant had continuously refused to pay it. The defendant then presented evidence showing that he had a separate contract with the plaintiff's son under which the son was to work as a tenant farmer on the defendant's wife's farm, that he was to move to the farm on the day following the day when the note was executed, that he needed $50 with which to buy furniture and the defendant borrowed the money from the plaintiff to lend to the plaintiff's son provided such son would pay it back out of the crop to be made. The plaintiff's son did not move to the farm on the following day as he was supposed to do under the contract. The defendant's wife testified in part to the effect that the defendant did not have any contract with the plaintiff but only with the son, and that she wrote the note and the defendant signed it.

At the conclusion of the evidence the judge of the superior court directed a verdict for the plaintiff, and the defendant excepted.