## 36085. BALL v. MURRAY.

CARLISLE, J. 1. When this case was formerly before this court, it was held that the petition stated a cause of action against the defendant landlord as against a general demurrer (see *Ball* v. *Murray*, 91 *Ga. App.* 686, 86 S. E. 2d 706); and it was there stated that, where the landlord has fully parted with possession and right of possession, he must have reasonable notice of the defective condition of the premises as a condition precedent to his liability therefor.

2. While it is true that "a nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a state of facts favorable to the plaintiff" (*Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393, 167 S. E. 773), it is likewise true that "'the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481 [23 S. E. 494]; *Freyermuth* v. *R. Co.*, 107 *Ga.* 32 [32 S. E. 668]; *Ray* v. *Green*, 113 *Ga.* 920 [39 S. E. 470]; *Farmer* v. *Davenport*, 118 *Ga.* 289 [45 S. E. 244]. And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.

*Southern Bank* v. *Goette,* 108 *Ga.* 796 [33 S. E. 974].' *Southern Railway Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294)." *Davis* v. *Akridge,* 199 *Ga.* 867, 868 (2) (36 S. E. 2d 102).

3. While notice to an agent may be notice to a principal, proof of the agency is indispensable (*McNamara* v. *McNamara,* 62 *Ga.* 200); and, even if one be shown to be the agent of another, in order for notice to the agent to be notice to the principal, the subject matter of the notice must be shown to be connected with the agency. *Central of Ga. Ry. Co.* v. *Americus Construction Co.,* 133 *Ga.* 392 (65 S. E. 855). Under an application of the foregoing principles of law to the facts of the present case, the plaintiff failed to prove, as alleged in the petition, that the defendant landlord was notified of the defective condition of the steps, and the trial court did not err in awarding a nonsuit in the case, upon motion of counsel. While there is evidence that a "Mr. Newsome" was notified of the alleged defective condition of the steps, there was no evidence that Mr. Newsome was an agent of the defendant landlord; or, if he could have been said to be an agent, there is no evidence that the condition of the premises was a matter connected with his agency. Thus, notice to Mr. Newsome will not be presumed to have been notice to the defendant landlord. The plaintiff's testimony on the question of notice to the landlord of the alleged defective condition of the steps must be construed most strongly against her, as it was self-contradictory, vague, and equivocal. There was, consequently, no evidence, or evidence from which the jury could fairly and reasonably infer a state of facts favorable to the plaintiff, on the question of notice to the landlord.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 16, 1956—REHEARING DENIED MARCH 29, 1956.

*J. E. B. Stewart,* for plaintiff in error.

*Marvin G. Russell, Turner Paschal; Alex McLennan,* contra.

