### 36349. STANDARD DRY-WALL CO., INC., *et al. v.* GEORGIA RAILROAD BANK & TRUST CO.

DECIDED SEPTEMBER 20, 1956.

*Counts & Collins,* for plaintiff in error.

*John D. Capers, Henry P. Eve, Cumming, Nixon & Eve,* contra.

TOWNSEND, J. Insofar as the defendants Standard Dry-Wall Company and Powell seek by their pleadings to set up fraud in the procurement of the note on the theory that an officer of the plaintiff bank conspired with the other endorser of the note, Ward, to "channel money" to Ward's corporation, no issuable defense is set out since no facts are alleged on which to base this conclusion. "A plea alleging fraud, but not alleging specific acts constituting fraud, should be stricken on demurrer." *Carroll* v. *Hutchinson,* 2 *Ga. App.* 60 (1) (58 S. E. 309). See also *Hickman* v. *Cornwell,* 145 *Ga.* 368 (89 S. E. 330) ; *Napier* v. *Central Georgia Bank,* 68 *Ga.* 637. Insofar as these defendants seek to plead failure of consideration in that they "did not receive any consideration for the note but rather the entire amount furnished by the bank was given by the bank in furtherance of the fraudulent conspiracy directly to the said William K. Ward or his company," the plea is insufficient for this purpose in that it does not allege that the defendants demanded and did not receive the proceeds of the note or that it was turned over to Ward without their knowledge and consent. "A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law— the most elementary." *Ashburn* v. *Watson,* 8 *Ga. App.* 566, 569 (70 S. E. 19). See also *Barnes* v. *Thornton,* 92 *Ga. App.* 198 (88 S. E. 2d 189). The plea is also insufficient insofar as it attempts to recoup on an alleged conversion by the plaintiff of collateral pledged for the payment of the note with resulting damage to the plaintiffs in error. This plea does not purport to set out any defense on the theory that the bank by possessing itself of any stated amount of collateral securities has to that extent satisfied the debt evidenced by the note, but merely alleges that the plaintiff converted "the security set forth on the face of the note sued on." The note specifies generally "assignments of contracts with Ward Builders, Inc.; also inventory of building supplies" without identifying them. The description is insufficient and the wording suggests that the collateral belonged to Ward or his company rather than to the plaintiffs in error; there

is no allegation that they have any such interest in it as would support such a cross-action for damages. Accordingly, the trial court properly struck the defenses of the plaintiffs in error on motion. Since they admitted the execution of the note and that it was unpaid, a verdict in favor of the plaintiff was demanded and it becomes unnecessary to pass upon the special ground assigning error on the rejection of a deed offered in evidence by the defendants.

The trial court did not err in striking the defensive pleas and thereafter directing a verdict in favor of the plaintiff.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*