### 37420. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY v. LEONARD.

NICHOLS, Judge. 1. In cases where no motion for a judgment non obstante veredicto is pending in the trial court a judgment of the trial court denying a motion to dismiss a motion for new trial is a judgment to which direct exception may be taken. *Pergason v. Etcherson,* 91 *Ga.* 785, 790 (18 S. E. 29); *Sumner v. Sumner,* 121 *Ga.* 1, 4 (48 S. E. 727); *Fulton v. Chattanooga Publishing Co.,* 98 *Ga. App.* 473 (105 S. E. 2d 922).

2. A motion for new trial not filed within the time provided by law should be dismissed. *Hilt v. Young,* 116 *Ga.* 708, 710 (43 S. E. 76); *Peavy v. Peavy,* 167 *Ga.* 219, 221 (145 S. E. 55).

3. Section 27 of the act of 1957 (Ga. L. 1957, pp. 2561, 2569), creating the City Court of Walker County provides in part: "All motions for new trials must be made and filed with the clerk of the City Court of Walker County within ten days from the date of the rendition of the verdict or judgment complained of. In other respects such motion shall be governed by the ordinary rules and laws governing motions for new trials in the superior courts." Section 28 of the act provides: "All rules of the superior court relating to

continuance, motions, pleas, and practice shall be applicable to the City Court of Walker County and shall obtain therein." Other sections of the act provide that the rules of the superior court shall obtain unless otherwise provided for. "It is the duty of the courts, where possible, to give an act such construction as will give full force and effect to all of its provisions . . . and that construction should be adopted as will prevent a contradiction by one section of the other, and so that both will be operative. *Gray* v. *McLendon*, 134 *Ga.* 224 (67 S. E. 859) ; *Bealle* v. *Southern Bank of Georgia*, 57 *Ga.* 274; *Thomason* v. *Fannin*, 54 *Ga.* 361." *Daniel* v. *C. & S. Nat. Bank*, 182 *Ga.* 384, 395 (185 S. E. 696). So construing the act of 1957, supra, the rules of the superior courts are applicable in the City Court of Walker County in all instances except where the General Assembly has expressly provided otherwise, e.g., the time for filing motions for new trial.

4. Applying the foregoing law to the facts in the present case, the judgment of the trial court denying the motion to dismiss the motion for new trial must be reversed since the motion for new trial on the usual general grounds was not filed until fifteen days after the date of verdict and judgment complained of.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

DECIDED NOVEMBER 10, 1958—REHEARING DENIED
DECEMBER 2, 1958.

*Shaw & Shaw, Geo. P. Shaw*, for plaintiff in error.
*Frank M. Gleason*, contra.