37606. FULTON *v.* CHATTANOOGA PUBLISHING COMPANY.

QUILLIAN, Judge. 1. The motion to dismiss the writ of error is without merit.

(a) There being no necessity to consider the brief of evidence adduced on the hearing of the motion for new trial as distinguished from the brief of evidence adduced on the actual trial, it is immaterial whether or not such evidence was briefed in accordance with the provisions of Code (Ann.) § 70-305.

(b) The argument that there could be no review of the grant of the motion for new trial, because the appellate court has not reversed the judgment for the defendant non obstante veredicto, which was entered by the trial court simultaneously with the grant of the motion for new trial for the defendant, is without merit. See in this connection, *Moate* v. *H. L. Green Co.*, 95 *Ga. App.* 493 (98 S. E. 2d 185).

2. Where, by the terms of the statute creating the City Court of Walker County (Ga. L. 1957, p. 2561), ordinary motions for a new trial are required to be filed within ten days from the date of the rendition of a verdict, or judgment, the trial court is without power to extend the time for the filing of such motion either by an order entered within the ten-day period or by an order nunc pro tunc. Code § 70-303 does not apply to motions for new trial filed in the City Court of Walker County under the act of 1957. Where, as in the present case, a verdict was entered on April 23, 1958, and the

motion for a new trial was not filed until May 6, 1958, a period of 13 days, the trial court erred in failing, on motion made, to dismiss the motion for new trial as there was no action which could be taken by the trial court to give life to the motion for new trial, and all further proceedings dealing with it were nugatory. The judgment of December 19, 1958, granting a new trial was, consequently, erroneous. *Firemen's Insurance Co. of Newark* v. *Leonard*, 98 *Ga. App.* 730 (106 S. E. 2d 881).

3. "By the terms of the Practice and Procedure Act as amended in the November-December session of the General Assembly in 1953, it is a condition precedent to a motion for judgment notwithstanding the verdict that a motion for a directed verdict must have been made and denied." *National Life &c. Ins. Co.* v. *Goolsby*, 91 *Ga. App.* 361, 363 (85 S. E. 2d 611); Ga. L. 1953, Nov.-Dec. Sess., pp. 440-444 (Code, Ann., § 110-113). While such a motion must be a legal motion, made at the time the party had a right to have a directed verdict (*Durden* v. *Henderson*, 212 *Ga.* 807, 96 S. E. 2d 362), the motion made by the defendant, which we have determined upon the grant of a rehearing, to be such a legal motion, reads as follows: "Your Honor, we move for a directed verdict in favor of the defendant, Chattanooga Publishing Co., on the grounds that—I don't care to reiterate the contentions that I made when I moved for a nonsuit; Your Honor is familiar with that view and with the authorities that I offered Your Honor at that time. It is our view now that we have put up certain evidence, and the plaintiff has rested her case, that under no possible construction of the evidence as it now stands could a verdict be supported against the Chattanooga Publishing Company, for the reason that there is not a word of evidence that this husband of the plaintiff was in the business of the company down here in this state where the accident occurred. Now, there has been evidence offered by the plaintiff in reference to around-the-clock duty, on the theory that he might be subject to call up there in his district, and on that theory they contend, I assume, that that being true, that he was in the constant discharge of this duty on the proposition that he might be called at any time, but it fails completely to get the results that they want because it fails to show that he was on any sort of call or duty, 24 hour or any other sort, but of his

district up there in Tennessee and down here in this state where the accident occurred. On the contrary, the proof shows that he was neglecting his work up there when he was down here in this state with the employer's truck, with his wife riding as a gratuitous passenger in that truck Now, there are cases that I am sure Your Honor is familiar with that even though he had duty down here—which the evidence showed conclusively that he did not—but if he did have, if the accident had occurred up there in Tennessee, to illustrate my point, and he was in the discharge of the duty up there, yet where he, as an employee of the Chattanooga Publishing Company, invited a guest to ride in the Chattanooga Publishing Company's truck with him without the knowledge or consent of the Chattanooga Publishing Company, that company would not be bound for his negligence and resulting injuries to the gratuitous passenger. That is well settled, if the court pleases. I have cases right on that particular point which I think Your Honor is familiar with. But here, here it is far removed in several respects from showing any liability or any evidence that a verdict against this company could be supported by; first, in that there is no proof of gross negligence, and on the contrary, plaintiff's proof in the case shows that her husband, driver, was not even guilty of the want of ordinary care and diligence. Your Honor will recall the evidence in that respect. And she stated in that regard that he drove that car up there, he slowed it down at that crossing, and he did everything that any man could have done to have avoided that accident. Mr. Gleason commented at some considerable length, in response to our motion for a nonsuit, about what he alleges in his petition. But we say, Your Honor, that his case depends upon his evidence and the proof in the case; he has not carried the burden put on him by law. There is no proof, no evidence, of any gross negligence, and in any view of it, a gratuitous passenger cannot recover in the absence of gross negligence.

"Secondly, there is no evidence of any sort that the Chattanooga Publishing Company ever authorized this employee to invite gratuitous passengers to ride in its truck; that they ever had any information or knowledge of him permitting his wife to ride with him. The evidence shows that on one occasion

one of the gentlemen who worked for the Chattanooga Publishing Company saw her sitting in the truck there back of the building there one time. But unless and until the proof shows that he was about the business and in the discharge of his duty as an employee of the company, in operating the automobile, and that she was a guest in that truck with the knowledge and consent of the company, and that he was guilty of gross negligence and her injuries resulted from that, there can be no recovery, and no verdict a jury could render would be supported by the law as the law of evidence is applied to it. We say, Your Honor, without extending the discussion any further, that we believe that a verdict should be directed in this case for the Chattanooga Publishing Company, because, as we view it, as we understand the law, that we have attempted to discuss with Your Honor, that is the only verdict that could reasonably be returned into court by the evidence; not by his petition, but by his evidence and proof. He has completely failed to carry the burden put on him by law, and we are entitled to a directed verdict."

4. Under the view which we take of the evidence, which we have set forth in the statement of fact following this opinion, the jury was authorized to find that the driver of the Chattanooga Publishing Company's truck was authorized to be in Georgia at the time and place at which the collision occurred and also authorized to find that the company knew of, and condoned the fact that the plaintiff frequently rode in the truck with the defendant's driver, she being his wife. "An unauthorized transaction by an agent may be validated by the principal's acquiescence therein for an unreasonable time, after knowledge of such act. 'What is a reasonable time is ordinarily a question for the jury.' *Glisson* v. *Burkhalter*, 31 *Ga. App.* 365 (4) (120 S. E. 664)." *Nations* v. *Russell*, 68 *Ga. App.* 329, 331 (22 S. E. 2d 756). "Evidence of agency may be established by proof of circumstances, apparent relations, and conduct of the parties." *Executive Committee of the Baptist Convention* v. *Ferguson*, 95 *Ga. App.* 393 (4) (98 S. E. 2d 50). The plaintiff in error invokes the rule pronounced in *Buice* v. *Campbell*, 99 *Ga. App.* 334, 335 (5) (108 S. E. 2d 339) : "The testimony of a party who offers himself as a witness in his own behalf is to be con-

strued most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494); *Freyermuth* v. *R. Co.,* 107 *Ga.* 31 (32 S. E. 668); *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470); *Farmer* v. *Davenport,* 118 *Ga.* 289 (45 S. E. 244). And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294)." The principle referred to has been, in the opinion of the writer, too loosely construed by our appellate courts. In most instances where it has been applied there was no evidence except the contrary testimony of the party relied upon to prove his cause or defense. This is true in *Southern Ry. Co.* v. *Hobbs,* 118 *Ga.* 227 (45 S. E. 23, 63 L.R.A. 68); *Freyermuth* v. *South Bound R. Co.,* 107 *Ga.* 31 (32 S. E. 668); *Spector* v. *Model Const. Co.,* 95 *Ga. App.* 14, 17 (96 S. E. 2d 900). There are, of course, instances when the admissions of a party that he has no right of recovery or defense constitute admissions in judicio, and in those cases the testimony of other witnesses or the introduction of other evidence can avail nothing. *Spector* v. *Model Const. Co.,* supra. Another rule is that where the plaintiff admits the absence of essential elements of the case laid in the petition a nonsuit should be granted. But generally when the party's testimony fails to sustain his cause or defense, simply because it is contradictory, the inconsistency may be cured by the testimony of other witnesses that clearly reveal the truth. "If a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may if no other testimony appears, be authorized to grant a nonsuit; but if the plaintiff introduces other witnesses whose testimony is sufficient to establish the allegations of the petition, it is error to grant a nonsuit." *Ray* v. *Green,* 113 *Ga.* 920 (2), supra. The testimony of the plaintiff in this case does not fall within the category of evidence so contradictory or inconsistent that it fails to prove the plaintiff's case. This is true because the plaintiff's testimony considered as a whole amply supported the allegation of her petition that the grossly negligent conduct of her

husband was a proximate cause of her injuries. On cross-examination she did not withdraw her testimony given on direct examination, nor in any material particular contradict what she had testified as to facts upon which she relied to prove her case. She did modify her testimony somewhat in reference to the speed at which her husband was operating the truck in which she was riding, drew certain conclusions from the facts to which she had testified which were unfavorable to her cause, but her testimony viewed as a whole clearly made a question for the jury as to whether her husband's gross negligence resulted in her injuries. "While it is the general rule that where a party testifies in his own behalf, his evidence should be construed most strongly against him (*Farmer* v. *Davenport,* 118 *Ga.* 289, 45 S. E. 244), still, in the proper application of this rule, such evidence should be construed in accordance with what was the manifest intent and purpose of the witness as disclosed by his testimony; and in so viewing it, the witness, even though a party, could be understood to have thus qualified his previous testimony only to the extent of disclaiming his ability to swear with mathematical exactness as to a distance which had not been measured." _Golding_ v. *Parrish,* 26 *Ga. App.* 495, 496 (4) (106 S. E. 743). So conceding that the plaintiff's testimony was contradictory as to the rate of speed at which she and her husband were traveling, and contradictory as to when he started slowing down or applying the brakes of the truck in which they were riding, which requires that her testimony on these points and other contradictory points be construed most strongly against her (*Davis* v. *Akridge,* 199 *Ga.* 867 (2), 36 S. E. 2d 102); and, notwithstanding the fact that she testified that he was, at the time and place of the collision, in her opinion, driving in a careful, prudent, and skillful manner, still the jury was authorized to find that her opinion was contrary to the facts to which she testified throughout on both direct and cross-examination and was controverted by the facts and the testimony of other witnesses that her husband entered the intersection at a speed of approximately seventy miles per hour and did not apply the brakes of the truck until after the Bowers car had already entered the intersection, and her husband, far from being careful and prudent in his operation of the truck did not begin such "care and prudence" until

he had placed himself, his wife, and the defendant's truck, heedlessly in a position of eminent peril and danger, which he could have avoided by slight care. The defendant earnestly insists that the plaintiff was debarred of recovery because the evidence demanded the finding that she was not on the occasion of the collision in the exercise of ordinary care for her own safety, in that she did not before the point of contact was reached, warn her husband of the impending peril to which his conduct was exposing her by driving the truck in which they were riding at a high rate of speed. The contention is without merit for two reasons: first, the evidence does not show whether there was reason for the plaintiff to apprehend the danger until the truck had approached so close to the intersection that a warning would have come too late; secondly, the case of *Russell* v. *Bayne,* 45 *Ga. App.* 55, 56 (163 S. E. 290), cited by the plaintiff in error holds that, in circumstances where a guest passenger apprehends danger from the speed or manner of the host's driving, "it is the duty of the guest to do whatever in the opinion of the jury a person of ordinary prudence would or should do in the same or like circumstances." It was obviously a question for the jury as to whether the plaintiff was called upon to do anything and as to what she should have done in the circumstances in which she was situated. The evidence authorized a verdict for the plaintiff, and was so found by the jury; the trial court, consequently, erred in denying the plaintiff's timely motion to dismiss, and in granting the judgment notwithstanding the verdict.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*

DECIDED SEPTEMBER 9, 1959—REHEARING DENIED
OCTOBER 29, 1959.

*Frank M. Gleason, Robert E. Coker,* for plaintiff in error.
*S. W. Fariss, Chambliss, Brown & Hodge,* contra.