### 23907. BUFFORD v. BUFFORD.

NICHOLS, Justice. Tom Webb Bufford filed suit for divorce against Eva Rorie Bufford in Wilkes County, Georgia. Service was perfected upon the defendant in Fulton County, Georgia. The defendant filed a plea to the jurisdiction in which she alleged that she was a resident of Fulton County, and at the hearing upon the issue of the court's jurisdiction the jury returned a verdict for the plaintiff which was made the judgment of the trial court. Thereafter, defendant's

motions for a new trial, based upon the usual general grounds only, and for a judgment non obstante veredicto were overruled and she appealed.

The evidence upon the trial of the case disclosed that the defendant wife upon leaving her husband in Wilkes County obtained employment in Fulton County and before the action was filed took their son to Fulton County to be with her. Other witnesses testified as to the wife's declaration of her intent to move to Fulton County. While the plaintiff husband testified that the couple lived together as husband and wife in Wilkes County after she first went to Fulton County on January 7, 1966, his testimony as to the dates they occupied the family residence after such time was vague, equivocal and contradictory. He testified at one time that she returned to their home each weekend, except maybe one, from January 7, 1966, until April 18, 1966, and at another time testified that he knew, when she took their son to Fulton County on February 23, 1966, that she was going to stay in Atlanta. He testified that they lived together as husband and wife until April 18, 1966, but when asked about specific dates, etc., could not remember, and could not remember when they last lived together as husband and wife.

The evidence of other witnesses for the husband (neighbors) was inconclusive as to the time when the wife was at the family residence in Wilkes County, and the husband's sister, also a witness for the husband, testified that in January the defendant wife told her in Atlanta that she had come to Atlanta to live. *Held:*

1. "The domicile of a married woman shall be that of her husband, except in two cases: 1. Of voluntary separation and living apart. 2. Of a pending application for divorce. In either case her domicile shall be determined as if she were a feme sole." *Code* § 79-403.

2. "The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act is done in execution of the intention." *Code* § 79-406. "It requires both act and intent to establish a residence, and either without the other is insufficient." *Lorance v. Lorance,* 216 Ga. 754, 756 (119 SE2d 342).

3. " 'The testimony of a party who offers himself as a witness

in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal. *W. & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494); *Freyermuth v. R. Co.,* 107 Ga. 32 (32 SE 668); *Ray v. Green,* 113 Ga. 920 (39 SE 470); *Farmer v. Davenport,* 118 Ga. 289 (45 SE 244). And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank.v. Goette,* 108 Ga. 796 (33 SE 974).' *Southern R. Co. v. Hobbs,* 121 Ga. 428 (49 SE 294)." *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102).

4. The evidence of the defendant wife showed both act and intent to establish a residence in Fulton County, before the divorce action was filed, while the testimony of the husband (which must be construed most strongly against him) properly construed did not show the defendant wife to be a resident of Wilkes County when the divorce action was filed and the testimony of other witnesses for the plaintiff husband did not rebut the wife's evidence. Accordingly, the trial court erred in overruling the wife's motion for a judgment non obstante veredicto.

*Judgment reversed with direction that a judgment be rendered for the defendant in accordance with her motion for a directed verdict. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967.

*Jack D. Evans, J. William Pierce,* for appellant.
*Walton Hardin,* for appellee.